**David J. Ryan**, OSB #953996
Email:  david.ryan@bullivant.com
**Peder Rigsby**, OSB #104903
Email:  peder.rigsby@bullivant.com
BULLIVANT HOUSER BAILEY PC
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351
Facsimile: 503.295.0915

Attorneys for Mesa Underwriters Specialty
Insurance Company

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, | Civil No.: _____ |
| Plaintiff, | COMPLAINT FOR DECLARATORY JUDGMENT |
| v. | |
| ALPINE MOTORS, LLC; ANGELINA SLOAN; TERRY TOMASZEWSKI; THOMAS SPEARS, as Personal Representative of the ESTATE OF MARY LOUISE RING, | |
| Defendants. | |

## PARTIES AND OVERVIEW OF ACTION

1.      Plaintiff Mesa Underwriters Specialty Insurance Company ("MUSIC") is a

foreign excess and surplus lines insurance company organized under the laws of New Jersey,

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 1**

with its principal place of business in Scottsdale, Arizona, which does business in Oregon as an admitted surplus lines insurer.

2.    Defendant Alpine Motors, LLC ("Alpine") is an Oregon limited liability company that owns and operates a used car dealership, whose registered agent and principal place of business are located in Clackamas County, Oregon. Alpine is a defendant in two lawsuits, each filed in Multnomah County Circuit Court, arising from a motor vehicle accident that occurred on October 16, 2021.

3.    Defendant Angelina Sloan is an adult individual citizen of Oregon. At all material times, she resided in Multnomah County. Ms. Sloan is a defendant in the same two lawsuits, each filed in Multnomah County Circuit Court, arising from a motor vehicle accident that occurred on October 16, 2021.

4.    Defendant Terry Tomaszewski is an adult individual citizen of Oregon. At all material times, she resided in Clackamas County. Ms. Tomaszewski is a plaintiff in one of the lawsuits, captioned *Terry Tomaszewski v. Alpine Motors LLC and Angelina Sloan*, pending in Multnomah County Circuit Court as case no. 23CV17075 ("*Tomaszewski* Lawsuit"), arising from the motor vehicle accident that occurred on October 16, 2021.

5.    Defendant Thoms Spears is an adult individual citizen of Oregon, duly appointed as the personal representative of the estate of his mother, decedent Mary Louise Ring, by judgment issued by Clackamas County Circuit Court dated August 6, 2022. At all material times, including the date of her death on October 16, 2021, Ms. Ring resided in Clackamas County. Mr. Spears, in his capacity as personal representative, is a plaintiff in one of the lawsuits, captioned *Estate of Mary Louise Ring, by and through Thomas Spears, Personal Representative v. Alpine Motors LLC and Angelina Sloan*, pending in Multnomah County Circuit Court as case no. 23CV17756 ("*Ring Estate* Lawsuit"), arising from the motor vehicle accident that occurred on October 16, 2021.

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 2**

6.      MUSIC issued a policy of garage insurance (the "Policy") to Alpine, bearing policy number MP0046006013724, which was in effect for the policy period August 6, 2021, to August 6, 2022. This insurance coverage lawsuit seeks judicial determination of MUSIC's obligations under the Policy arising out of the two lawsuits filed against Alpine, for which MUSIC is providing a defense, subject to a complete reservation of rights.

## JURISDICTION AND VENUE

7.      Jurisdiction is proper in this court under 28 U.S.C. § 1332, based on diversity of citizenship. The amount in controversy, exclusive of interest or costs, exceeds the sum specified in 28 U.S.C. § 1332. This court has jurisdiction over plaintiff's request for declaratory relief under 28 U.S.C. § 2201.

8.      Venue in the District of Oregon, Portland Division, is proper under 28 U.S.C. § 1391 and Local Rule 3-2(b) because this action has been brought in the judicial district where a substantial part of the events or omissions giving rise to the claims occurred, including the motor vehicle accident and the filing of the two lawsuits against Alpine.

## UNDERLYING LAWSUITS

9.      The *Tomaszewski* Lawsuit was filed on April 25, 2023, alleging that Ms. Tomaszewski suffered significant personal injury in a motor vehicle accident on October 16, 2021, when her vehicle was struck by a vehicle being driven by Ms. Sloan. The *Ring Estate* Lawsuit was filed on April 28, 2023, alleging that Ms. Ring was killed due to personal injury suffered in a motor vehicle accident on October 16, 2021, when the vehicle in which she was a passenger was struck by a vehicle being driven by Ms. Sloan.

10.     Each of the lawsuits alleges, in relevant part, that Alpine owned the vehicle that Ms. Sloan was driving at the time of the accident and that Alpine was at fault for the accident and resulting injuries/death because Alpine negligently entrusted its vehicle to Ms. Sloan, who was test-driving the car on behalf of purchaser Jeannie Floyd, Ms. Sloan's

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 3**

companion whom she accompanied that afternoon to Alpine's dealership.

11.     Alpine tendered defense of the underlying lawsuits to MUSIC. On or about May 26, 2023, MUSIC agreed in writing to provide Alpine with a defense in the *Tomaszewski* Lawsuit, subject to a full reservation of rights, including the right to seek declaratory judgment as to its rights and obligations under the Policy. On or about May __, MUSIC agreed in writing to provide Alpine with a defense in the *Ring Estate* Lawsuit, subject to a full reservation of rights, including the right to seek declaratory judgment as to its rights and obligations under the Policy.

12.     MUSIC is currently contributing toward defense of Alpine in the underlying lawsuits, subject to that reservation of all rights.

13.     An actual and justiciable controversy exists between the parties as to whether the Policy issued by MUSIC provides Alpine with any indemnity coverage or requires MUSIC to participate further in Alpine's defense in the underlying lawsuits.

**THE MUSIC POLICY**

14.     Subject to its terms, conditions, and limitations, the Policy provides liability coverage for Alpine as an **"insured"** that might face liability for damages for **"bodily injury"** caused by an **"accident"** resulting from **"garage operations"** involving the ownership or use of covered **"autos."**

15.     The Policy provides that the **"autos"** for which liability coverage could apply are limited, as follows:

| | |
|---|---|
| Symbol 22: | Owned "Autos" Only |
| | Only those "autos" you own … |
| Symbol 29: | Non-Owned "Autos" Used In Your Garage Business |
| | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations [Auto Dealer]. |

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 4**

16.    As applied to claims involving covered "**autos**," "**garage operations**" for which liability coverage could apply are limited, as follows:

> "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in [Symbol 22 and 29] as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

17.    Liability coverage under the Policy is subject to the following exclusion:

> This insurance does not apply to any of the following:
>
> **Transfer of Ownership or Surrender of Possession**
>
> "Bodily injury" or "property damage" occurring after either ownership of an "auto" is transferred or possession of an "auto" is surrendered to another person pursuant to sale, conditional sale, gift, abandonment, or lease.

### THE SALE TRANSACTION

18.    On October 16, 2021, prior to the accident alleged in the underlying complaints, Alpine transferred ownership of the vehicle to Ms. Floyd. Before the alleged time of the accident (6:45 pm), Ms. Floyd made payment in full, completed all necessary transactional paperwork, her Application for Title and Registration and Notice of Sale were submitted to DMV, and she departed Alpine's dealership.

### COUNT I
### DECLARATORY JUDGMENT – NO DUTY TO CONTINUE DEFENDING

19.    MUSIC restates and re-alleges the allegations in paragraphs 1-18.

20.    The *Tomaszewski* Lawsuit and *Ring Estate* Lawsuit allege claims against Alpine for negligent entrustment, which requires a plaintiff to establish that the defendant owned a motor vehicle and entrusted it to a person when the owner knew or reasonably should have known that person would operate the vehicle negligently.

21.    The Policy's Liability Coverage provides as follows:

> We have the right and duty to defend any "insured" against a "suit" asking for such damages [including "bodily injury"] …. However, we have no duty to defend any "insured" against a "suit" seeking

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 5**

damages for "bodily injury" … to which this insurance does not
apply.

22.    The express allegations of the underlying lawsuits unambiguously assert
negligent conduct on the part of Alpine occurring between approximately 4:30 pm (when
Ms. Sloan arrived at the dealership) and 4:45 pm (at least two hours prior to the accident),
when Alpine allowed Ms. Sloan to test drive the vehicle and remove it from the dealership.
*Tomaszewski* Lawsuit, ¶¶ 6-12, 20; *Ring Estate* Lawsuit, ¶¶ 5-9, 13.

23.    The express allegations of the underlying lawsuits unambiguously assert that
Ms. Sloan remained in possession of the vehicle for an extraordinarily long time, until the
accident – and all alleged bodily injury and death – eventually occurred more than two hours
later, "at approximately 6:45 pm" on October 16, 2021. *Tomaszewski* Lawsuit, ¶ 15.

24.    The claims asserted against Alpine in the *Tomaszewski* Lawsuit and *Ring
Estate* Lawsuit establish that no coverage exists under the Policy, for one or more of the
following reasons:

a.    The claimants unambiguously assert that the accident and all alleged
accident-related injuries occurred only after Alpine transferred ownership of the vehicle,
such that the vehicle was no longer an "owned 'auto'" for which liability coverage could
exist for injuries resulting from ownership, maintenance, or use;

b.    The claimants unambiguously assert that the accident and all alleged
accident-related injuries occurred only after Alpine transferred ownership and possession of
the vehicle, such that Ms. Sloan's continued use of the vehicle was not "incidental" to
Alpine's operations as an auto dealer, as required for liability coverage to exist;

c.    The claimants unambiguously assert that the accident and all alleged
accident-related injuries occurred only after Alpine transferred ownership of the vehicle,
such that coverage for accident-related injuries would be excluded by the "Transfer of
Ownership or Surrender of Possession" Exclusion; and

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 6**

d. The claimants unambiguously assert that Alpine surrendered possession of the vehicle to Ms. Sloan prior to the accident, such that coverage for accident-related injuries would be excluded by the "Transfer of Ownership or Surrender of Possession" Exclusion.

25.    Based upon on the terms, conditions, limitations, and exclusions of the Policy and the allegations of the underlying *Tomaszewski* Lawsuit and *Ring Estate* Lawsuit, there are no claims asserted against Alpine that fall within the Policy's grant of coverage or that could impose liability against Alpine for damages covered by the Policy. MUSIC is entitled to a judicial determination that it has no on-going duty under the Policy to defend Alpine in connection with the claims made in the underlying lawsuits.

**COUNT II**
**DECLARATORY JUDGMENT – NO DUTY TO INDEMNIFY ALPINE**
**IN THE UNDERLYING LAWSUITS**

26.    MUSIC restates and re-alleges the allegations in paragraphs 1-25.

27.    At the time of the accident alleged in the underlying *Tomaszewski* Lawsuit and *Ring Estate* Lawsuit, Alpine no longer owned the vehicle being driven by Ms. Sloan. MUSIC is entitled to a declaration that no indemnity coverage exists for any potential award of damages against Alpine, in that none of the damages sought in the two lawsuits could consist of "sums that [Alpine] legally must pay as damages because of **'bodily injury'** caused by an **'accident'** and resulting from **'garage operations.'**"

28.    Based on the terms, conditions, and limitations of the Policy and the facts surrounding the underlying lawsuits, MUSIC has no duty under the Policy to indemnify Alpine against any of the potential damages that could be awarded. MUSIC is entitled to a judicial determination that it has no duty to indemnify Alpine against any of the potential damages that could be awarded in the underlying lawsuits.

/ / /

/ / /

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT**
**Page 7**

WHEREFORE, MUSIC prays for judgment declaring that it has no responsibility under the Policy toward defendant Alpine in connection with either the *Tomaszewski* Lawsuit or the *Ring Estate* Lawsuit, specifically:

1.    Alpine surrendered possession of the vehicle prior to the accident; and

2.    Alpine transferred ownership of the vehicle prior to the accident;
      Therefore,

3.    The vehicle was no longer a covered "auto" for which liability insurance under the Policy could apply;

4.    Ms. Sloan's extended operation of the vehicle, including at the time of the accident, was not a use incidental to Alpine's "garage operations" for which liability coverage under the Policy could apply;

5.    Any liability coverage that otherwise might exist under the Garage Coverage Liability would be excluded under the facts alleged by claimants in the *Tomaszewski* Lawsuit and *Ring Estate* Lawsuit by operation of the "Transfer of Ownership or Surrender of Possession" Exclusion; and, therefore,

6.    MUSIC has no further duty to defend Alpine against claims asserted against it in either the *Tomaszewski* Lawsuit or the *Ring Estate* Lawsuit;

7.    MUSIC has no duty to pay any settlement or damages or indemnify Alpine against any judgment that might be entered against it in either the *Tomaszewski* Lawsuit or the *Ring Estate* Lawsuit;

8.    For MUSIC's costs and disbursements incurred herein; and

9.    For such other relief as the Court deems just and proper.

DATED:  June 30, 2023

                              BULLIVANT HOUSER BAILEY PC


                              By  s/  David J. Ryan
                                  **David J. Ryan, OSB #953996**
                                  **Peder Rigsby, OSB #104903**
                                  Telephone: 503.228.6351

                                  *Attorneys for Mesa Underwriters Specialty*
                                  *Insurance Company*

4885-5924-4134.1 35701/00022

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**COMPLAINT FOR DECLARATORY JUDGMENT
Page 8**

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2023, I caused to be served the foregoing **COMPLAINT FOR DECLARATORY JUDGMENT** on the following parties at the following:

| | |
|---|---|
| Todd Key<br>Attorney at Law<br>Email: todd@jtk-law.com<br>    Jtoddkeylaw.@gmail.com<br>    *Attorney for Defendant*<br>    *Alpine Motors, LLC* | ☐ U.S. Postal Service, ordinary first class mail<br>☐ U.S. Postal Service, certified or registered mail, return receipt requested<br>☐ E-Filing<br>☐ E-Service<br>☐ Hand Delivery<br>☒ Other (specify)  via email as shown |
| Thomas D'Amore, OSB 922735<br>Douglas P. Oh-Keith, OSB 064585<br>Amy Bruning, OSB 175811<br>D'Amore Law Group, P.C.<br>4230 Galewood St., Ste. 200<br>Lake Oswego, OR 97035<br>Email:  tom@damorelaw.com<br>    doug@damorelaw.com<br>    amy@damorelaw.com<br>Additionally:<br>    melissa@damorelaw.com<br>    wimberley@damorelaw.com<br>    *Of Attorneys for Defendant*<br>    *Terry Tomaszewski* | ☒ U.S. Postal Service, ordinary first class mail<br>☐ U.S. Postal Service, certified or registered mail, return receipt requested<br>☐ E-Filing<br>☐ E-Service<br>☐ Hand Delivery<br>☒ Other (specify)  via email as shown |
| Christopher T. Hill, OSB 972837<br>Christopher T. Hill, PC<br>300 SE 80th Ave.<br>Portland, OR 97215<br>Email:  chill@cthlaw.com<br>    *Of Attorneys for*<br>    *Estate of Mary Louise Ring* | ☒ U.S. Postal Service, ordinary first class mail<br>☐ U.S. Postal Service, certified or registered mail, return receipt requested<br>☐ E-Filing<br>☐ E-Service<br>☐ Hand Delivery<br>☒ Other (specify)  via email as shown |

 s/  David J. Ryan
David J. Ryan